IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BANCROFT LIFE & CASUALTY ICC, LTD. | ) ) ) | |
| v. | ) ) | Civil No. JFM-12-2947 |
| ERWIN LO, M.D., et al. | ) ) ) ) | |

**MEMORANDUM**

Plaintiff Bancroft Life & Casualty ICC, Ltd. brings this suit against defendants, Erwin Lo, M.D., and Sue Jin Yu, M.D., alleging defendants breached a guarantee agreement when they failed to pay a promissory note with an outstanding principal balance of $350,000 and requesting a declaratory judgment. Now pending before this court is plaintiff's motion for summary judgment on both its breach of contract action and request for declaratory judgment. (ECF No. 3.) The parties have fully briefed the matter (*see* ECF Nos. 4, 15, 17, 23), which is now ripe for adjudication without need for oral argument (*see* Local Rules 105.6 (D. Md. 2011)). For the following reasons, plaintiff's motion for summary judgment is denied.

**Background**

Plaintiff Bancroft is a St. Lucia, West Indies entity that markets and sells insurance. (Compl. ¶ 2, ECF No. 1; Answer ¶ 7, ECF No. 14.) Defendants, husband and wife, the beneficial owners of SJYEL Inc., the general partner of SJYEL Ventures LP ("SJYEL"), a Texas partnership, maintain a medical practice in Texas. (Compl. ¶ 3, 8; Answer ¶ 3, 8.)

Bancroft claims that it made a "commercial loan" to SJYEL on or about September 3, 2010 in the amount of $350,000. (Compl. ¶ 8.) Bancroft attaches to its complaint documents memorializing the "loan" including a loan agreement (*Id.*, Ex. 1, ECF No. 1-1), promissory note

1

(*Id.*, Ex. 2, ECF No. 1-2), and security agreement (*Id.*, Ex. 3, ECF No. 1-3), executed by Bancroft and SJYEL.  Bancroft also attaches a loan guarantee agreement signed by defendants Lo and Yu.  (*Id.*, Ex. 4, ECF No. 1-4.)  These documents are the basis of Bancroft's breach of contract claim and request for declaratory judgment.

Defendants do not dispute that they executed the documents on behalf of SJYEL.  (Answer ¶ 8.)  They contend, however, the documents represent a transaction that is part of a larger program, in which SJYEL "borrow[ed] back a portion of *its own funds*, which . . . had previously been paid to Bancroft, to establish SJYEL's Reserve Account."  (*Id.* (emphasis in original).)  Defendants submit sworn affidavits asserting Bancroft fraudulently induced them to sign documents representing a loan by promising the documents were part of a "tax advantaged insurance program."  (*Id.* ¶ 7; *id.*, Exs. A, B [hereinafter Declarations], ¶¶ 8-10, ECF Nos. 15-1, 15-2.)  Defendants assert numerous affirmative defenses and counterclaims contending the documents attached to Bancroft's complaint cannot bind the parties for various reasons including fraud, illegality, and breach of fiduciary duty.  (*See generally* Answer.)

**Legal Standard**

A court may properly award summary judgment when the record shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Emmett v. Johnson,* 532 F.3d 291, 297 (4th Cir. 2008).  A material fact is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A genuine dispute about a material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*  When reviewing a motion for summary

judgment, the court must look at the facts and inferences drawn therefrom in the light most favorable to the non-moving party.  *Scott v. Harris,* 550 U.S. 372, 378 (2007).

While the burden is on the moving party to demonstrate the absence of any genuine issue of material fact, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970), a "mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney,* 327 F.3d 307, 314 (4th Cir. 2003).  The non-moving party may not merely rest upon allegations or denials in pleadings but must, by affidavit or other evidentiary showing, set out specific facts showing a genuine issue remains for trial.  Fed. R. Civ. P. 56(c)(1)(A).  A court should enter summary judgment where a non-moving party fails to make a sufficient showing to establish the elements essential to the party's claim and on which the party will bear the burden of proof at trial.  *See Celotex,* 477 U.S. at 322.  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S at 247-48.

If there is insufficient evidence for a reasonable jury to render a verdict in favor of the non-moving party, there is no genuine issue of material fact, and summary judgment may be granted.  *See id.* at 248.  A party cannot create a genuine dispute of material fact merely through speculation and conjecture.  *Deans v. CSX Transp. Inc.*, 152 F.3d 326, 330-31 (4th Cir. 1998). Summary judgment is inappropriate, however, if there exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 250; *see JKC Holding Co. v. Washington Sports Ventures, Inc.,* 264 F.3d 459, 465 (4th Cir. 2001).

## Analysis

In Count I, Bancroft alleges that defendants are personal guarantors to a promissory note documenting a $350,000-loan and breached the guarantee agreement by failing to repay the loan. Defendants, however, contend the loan and guarantee agreements supporting Bancroft's claim are invalid because Bancroft fraudulently induced defendants to execute the documents in question by convincing defendants the documents were part of a larger insurance scheme.

Under Maryland law, fraud is a basis for rescission of an executed contract. *See Hale v. Hale*, 66 Md. App. 228, 233 (1986) ("[C]ontracts generally may be subject to rescission on a finding of fraud, duress, undue influence, or negligent misrepresentation in their making."). A court should not, however, "redraft a contract merely because one of the parties has become dissatisfied with its provisions." *Vincent v. Palmer*, 179 Md. 365, 372 (1941). To avoid summary judgment by showing either fraud or fraudulent inducement, defendants must prove that a genuine issue of material fact exists with regard to whether (1) Bancroft made a false representation to defendants, (2) Bancroft either knew of the falsity of the statement or made the representation with reckless indifference as to its truth, (3) Bancroft made the misrepresentation for the purpose of defrauding defendants, (4) defendants justifiably relied on the misrepresentation, and (5) defendants suffered compensable injury resulting from the misrepresentation. *See Nails v. S & R, Inc.*, 334 Md. 398, 415 (1994).

In this case, defendants have submitted sworn affidavits asserting that Bancroft and its agents, Mr. Cook and Ms. Ma, made false representations to defendants by claiming the documents they signed were a "mere formality" "necessary to have continued enrollment in the Bancroft Program," a tax advantaged insurance program. (Declarations ¶¶ 3, 10.) Specifically, the affidavits state that Mr. Cook and Ms. Ma on behalf of Bancroft advised defendants that the

guarantee agreement they signed would be satisfied by money SJYEL had already deposited in its reserve account or that "no obligation on it would exist." (*Id.* ¶ 14.) Defendants claim they had "complete confidence and trust" in Mr. Cook as their attorney, who helped defendants form SJYEL, and in Ms. Ma as their financial advisor. (*Id.* ¶ 4, 6.) The affidavits state that defendants relied upon Bancroft's material misrepresentations justifiably and in good faith. (*Id.* ¶ 34.) Defendants also assert that Bancroft knowingly misrepresented them and others as part of a "large fraudulent abusive tax shelter offshore insurance scheme." (Defs' Resp. in Opp'n to Pl's Mot. for Summ. J., at 14, ECF No. 15.)

Defendants have submitted sufficient evidence in their sworn affidavits that, if proved, shows the existence of a genuine issue of material fact as to the legal ability of Bancroft to enforce the "loan" or "borrow back" documents in a breach of contract action. It does not seem that discovery has been conducted in this case due to the short time period between the filing of plaintiff's complaint on October 4, 2012 and its motion to dismiss on October 15, 2012. While defendants face a substantial challenge of satisfying their burden of proof at trial, they are entitled to conduct discovery related to Bancroft's alleged fraud and illegality. Summary judgment on Bancroft's breach of contract claim in Count I is, therefore, premature at this time.

Because defendants are entitled to conduct discovery and attempt to prove their counterclaims that may lead to the rescission of the contracts attached to Bancroft's complaint, summary judgment is also premature as to Bancroft's request in Count II for a declaratory judgment that defendants are in default of those contracts.

**Conclusion**

For the reasons above, Bancroft's motion for summary judgment is denied as premature. Both parties may conduct discovery and submit a motion for summary judgment at a later date if appropriate. A separate order follows.

January 24, 2013 /s/
Date J. Frederick Motz
United States District Judge