CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

June 25, 2013

MEMO TO COUNSEL RE:   Bancroft Life & Casualty ICC, Ltd. v. Erwin Lo, M.D., et al.
Civil No. JFM-12-2947

Dear Counsel:

Plaintiff alleges in this action that defendants are liable to it on loans made by plaintiff to SJYEL Ventures, L.P. that were guaranteed by defendants. Plaintiff has filed a similar action against defendants in the Western District of Pennsylvania in connection with two other loans made to SJYEL Ventures that were guaranteed by defendants. The total amount of the loans involved in the Pennsylvania litigation is $1,302,000. The amount of the loan involved in this case is $350,000. Defendants have filed counterclaims that plaintiff has moved to dismiss. Defendants have also filed a motion to stay this litigation, pending resolution of the Pennsylvania litigation.

I would be strongly inclined to deny plaintiff's motion to dismiss the counterclaims. At the least discovery appears to be required concerning (1) whether Loren Cook knew of the existence of the forum-selection clause contained in the Group Master Policy upon which plaintiff bases its motion to dismiss, (2) the role played by Mr. Cook in the dealings between the parties, (3) the effective dates of the various agreements between the parties, and (4) whether defendants were otherwise fairly put on notice about the forum-selection clause. I have decided, however, not to decide those issues but rather to grant defendants' motion to stay.

No specific rule sets forth the authority of the district court to stay litigation. Rather, the power to stay a case arises from "the inherent power in courts under their general equity powers and in the efficient management of their dockets to grant relief." *Williford v. Armstrong World Indus. Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). The decision whether to stay a case requires "the exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. George Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (per curiam) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). The parties seeking the stay must demonstrate "a clear case of hardship or inequity in being required to go forward," *Landis*, 299 U.S. at 255, and must clearly and convincingly establish that the hardship outweighs potential harm to the opposing party, *Williford*, 715 F.2d at 127.

I am satisfied that defendants have met their burden here.  The Pennsylvania litigation raises precisely the same issues as does this case.  At this stage the Pennsylvania litigation is more advanced than this case.  If plaintiff prevails in the Pennsylvania litigation, little will remain to be decided in this case.  Indeed, it may well be that in that event plaintiff will be entitled to move for summary judgment without the conducting of further discovery.  On the other hand, if it is determined in the Pennsylvania litigation that defendants' guarantees were procured by fraud, it is very likely that the doctrine of collateral estoppel will apply and that defendants will be entitled to judgment in this case without the conducting of further discovery.  Therefore, it is clearly in the parties' interest in not incurring unnecessary litigation costs and in the interest of the efficient resolution of the litigation for a stay to be entered.

One further comment might be in order.  None of the parties are located in Maryland.  The only reason this case has been instituted here is that the parties stipulated that Maryland law would apply in a collection action brought by plaintiff against defendants and that a collection action might be brought here.  Therefore, no public policy interest of the State of Maryland is involved that would argue in favor of this court deciding the issues presented despite the fact that the same issues are presented in the Pennsylvania litigation.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge